IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **RUTH CECETKA, an individual,** | ) | CASE NO. 4:16-cv-3140 |
| | ) | |
| **PLAINTIFF,** | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| **LINCOLN REGIONAL CENTER,** | ) | **FIRST AMENDED** |
| A State Psychiatric Hospital, | ) | **COMPLAINT** |
| **COURTNEY PHILLIPS, SHERRI DAWSON,** | ) | **AND DEMAND FOR** |
| **STACEY WERTH-SWEENEY, ROGER** | ) | **JURY TRIAL** |
| **DONOVICK, CHERYL MCMURRY, MARY** | ) | |
| **SCHERLING, CHARLES DARROW,** | ) | |
| **SHERRI BROWNING, JENNIFER** | ) | |
| **JENNINGS, NATHAN NEDLEY, MICHAEL** | ) | |
| **ROBERTS, ROY SANAF, VERONICA** | ) | |
| **KOENIG, SHAWN SCHWARTZ, AND** | ) | |
| **DENNIS CONNOLLY,** | ) | |
| In their individual and official | ) | |
| capacities, | ) | |
| | ) | |
| **DEFENDANTS.** | ) | |

**PRELIMINARY STATEMENT**

1. Plaintiff, Ruth Cecetka, (hereinafter referred to as "Cecetka" or Plaintiff), a person with a mental illness and a diagnosis of breast cancer, brings this cause of action against the Lincoln Regional Center (hereinafter referred to as "LRC"), Courtney Phillips (hereinafter referred to as "Phillips"), Chief Executive Officer of the Nebraska Department of Health and Human Services; Sherri Dawson (hereinafter referred to as "Dawson"), Director of the DHHS Division of Behavioral Health; Stacey Werth-Sweeney (hereinafter referred to as "Werth-Sweeney), Acting Chief Executive Officer of the Lincoln Regional Center (hereinafter; Roger Donovick (hereinafter referred to as "Donovick"), Medical Director of the Lincoln Regional Center; Cheryl McMurry (hereinafter referred to as "McMurry"), Director of Nursing of the Lincoln Regional Center; Mary Scherling (hereinafter referred to as "Scherling"), Advanced

1

Practice Registered Nurse at the Lincoln Regional Center; Charles Darrow (hereinafter referred to as "Darrow"), psychologist at the Lincoln Regional Center; Sherri Browning (hereinafter referred to as "Browning"), psychologist at the Lincoln Regional Center; Jennifer Jennings (hereinafter referred to as "Jennings"), certified master social worker supervisor at the Lincoln Regional Center; Nathan Nedley (hereinafter referred to as "Nedley"), registered nurse at the Lincoln Regional Center; Michael Roberts (hereinafter referred to as "Roberts"), Human Services Treatment Specialist at the Lincoln Regional Center; Roy Sanaf (hereinafter referred to as "Sanaf"), psychiatrist at the Lincoln Regional Center; Veronica Koenig (hereinafter referred to as "Koenig"), an Associate Director of Nursing at the Lincoln Regional Center; Dr. Shawn Schwartz (hereinafter referred to as "Schwartz", a physician at the Lincoln Regional Center; and Dr. Dennis Connolly (hereinafter referred to as "Connolly"), a physician at the Lincoln Regional Center, in their official and individual capacities (hereinafter collectively referred to as "Defendants") pursuant to 42 U.S.C. § 1983 for violations of Plaintiff's Fourteenth Amendment rights to the United States Constitution in that Defendants did not provide and failed to provide necessary and appropriate healthcare to Ms. Cecetka while in the care and custody of LRC. Plaintiff further brings this action pursuant to Title II of the Americans with Disabilities Act, 42 U.S.C. § 12131, *et. seq.*, and Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 701, *et. seq.*, for failing to provide reasonable accommodations and/or modifications of policies to receive healthcare, and by failing to provide healthcare in the most integrated setting appropriate to Plaintiff's needs.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction over the claims herein alleged pursuant to 28 U.S.C. § 1331 and § 1343(a).

3. Venue is proper in the District of Nebraska pursuant to 28 U.S.C. § 1391(b) as all the events giving rise to the claims arose in this District.

## PARTIES

4. Plaintiff Ruth Cecetka is an individual with a mental illness who developed breast cancer while she was and continues to be a patient in the care and custody of the Lincoln Regional Center. At all material times she was and is a resident of Lincoln, Nebraska.

5. Defendant Lincoln Regional Center is a State psychiatric hospital operated by the Nebraska Department of Health and Human Services (hereinafter referred to as "HHS") Division of Behavioral Health that provides psychiatric and healthcare services to patients in its care and custody. HHS employs agents duly appointed and authorized to enforce federal and Nebraska state laws and were so acting at all material times.

6. At all material times, Defendant Courtney Phillips was the Chief Executive Officer of the Nebraska Department of Health and Human Services and is being sued in her individual and official capacities.

7. At all material times, Defendant Sherri Dawson was the Director of the Division of Behavioral Health of the Nebraska Department of Health and Human Services and is being sued in her individual and official capacities.

8. At all material times, Defendant Stacey Werth-Sweeney was the Acting Chief Executive Officer of the Lincoln Regional Center and is being sued in her individual and official capacities.

9. At all material times, Defendant Roger Donovick was the Medical Director of the Lincoln Regional Center and is being sued in his individual and official capacities.

10. At all material times, Defendant Cheryl McMurry was the Director of Nursing of

the Lincoln Regional Center and is being sued in her individual and official capacities.

11. At all material times, Defendant Mary Scherling was an Advanced Practice Registered Nurse ("APRN") at the Lincoln Regional Center and is being sued in her individual and official capacities.

12. At all material times, Defendant Charles Darrow was a psychologist at the Lincoln Regional Center and is being sued in his individual and official capacities.

13. At all material times, Defendant Sherri Browning was a psychologist at the Lincoln Regional Center and is being sued in her individual and official capacities.

14. At all material times, Defendant Jennifer Jennings was a certified master social worker supervisor at the Lincoln Regional Center and is being sued in her individual and official capacities.

15. At all material times, Defendant Nathan Nedley was a Registered Nurse ("RN") at the Lincoln Regional Center and is being sued in his individual and official capacities.

16. At all material times, Defendant Michael Roberts was the Human Services Treatment Specialist at the Lincoln Regional Center and is being sued in his individual and official capacities.

17. At all material times, Defendant Roy Sanaf was a psychiatrist at the Lincoln Regional Center and is being sued in his individual and official capacities.

18. At all material times, Defendant Veronica Koenig was an Associate Director of Nursing ("ADON") at the Lincoln Regional Center and is being sued in her individual and official capacities.

19. At all material times, Defendant Dr. Shawn Schwartz was a physician at the Lincoln Regional Center and is being sued in her individual and official capacities.

20. At all material times, Dr. Dennis Connolly was a physician at the Lincoln Regional Center and is being sued in his individual and official capacities.

## FACTS

21. Plaintiff Ruth Cecetka is a 49-year-old woman diagnosed with borderline personality disorder, bipolar I, and post-traumatic stress disorder. She has been a patient in the care and custody of LRC since on or about January 31, 2013.

22. Her mental health diagnoses substantially limit her in one or more major life activities of, including, but not limited to, caring for oneself, making medical decisions, thinking, and communicating.

23. At all material times, her breast cancer, surgery, and treatment substantially limit the major life activities of, including, but not limited to, caring for oneself, performing manual tasks, and sleeping.

24. At all material times, her breast cancer, surgery, and treatment substantially limit the major bodily functions of the immune system and normal cell growth.

25. Cecetka has a familial history of breast cancer.

26. As a result of this and her age, her treating physicians have recommended she receive annual mammograms to screen for breast cancer.

27. Prior to admission to LRC, Cecetka's most recent mammogram was on or about June 26, 2012.

28. For medical care not provided by LRC, it, through its agents, took patients off-campus to other medical providers when deemed necessary by those in the employ of LRC, for patients to receive healthcare, including, but not limited to, mammograms.

29. On or about October 1, 2013, Cecetka began asking for a women's wellness

5

exam. LRC denied Cecetka's request for a women's wellness exam until on or about August 1, 2014 when she was seen by her gynecologist at Bryan LGH Medical Center.

30. On or about August 21, 2014, Cecetka's gynecologist referred her for, and submitted an order for, her to receive a mammogram.

31. Cecetka, again, submitted a team request to receive a mammogram on or about October 30, 2014.

32. On or about November 7, 2014, Cecetka's gynecologist office contacted LRC to ask why Cecetka had not yet received a mammogram. LRC staff "made excuses" as to why she had not yet received a mammogram.

33. A second physician order and referral for a mammogram was made on or about December 15, 2014, because Cecetka had still not yet received a mammogram.

34. On or around January 2015, and thereon, Cecetka began to experience medical problems and did not feel well, including, but not limited to, fatigue, tiredness, weakness, and pain.

35. On or about March 13, 2015, an LRC team request was submitted for a mammogram.

36. On or about April 23, 2015, a breast exam was conducted by Scherling that confirmed one breast was larger than the other.

37. On or about April 28, 2015, another LRC team request was submitted for a mammogram that was marked as "urgent."

38. Nearly three years after Cecetka's prior mammogram, and nine months after a physician had ordered a mammogram, Cecetka finally received a mammogram that was "highly suggestive for malignancy" on or about May 21, 2015.

39. On or about June 1, 2015, a biopsy of Cecetka's breast resulted in a diagnosis of breast cancer.

40. As part of her treatment, Cecetka received a partial mastectomy on or about June 26, 2015.

41. Cecetka was also scheduled to receive 36 radiation treatments. She was denied many of these treatments by LRC.

42. Cecetka requested a change in placement on numerous occasions due to the unclean environment of the LRC unit on which she lived. Each request was denied, and on or about December 23, 2015, an infection in Cecetka's breast was identified. Cecetka also developed MRSA later.

43. Despite having an open wound from surgery, infections, PTSD, and other conditions, Cecetka was placed in full-bed restraints on numerous occasions that further exacerbated her wounds and conditions, was escorted down a hallway naked despite being compliant, and was regularly humiliated by staff, all of which resulted in significant physical and emotional pain and suffering.

44. At all material times, LRC, by and through Philips and her agents, was responsible for the actions and omissions of all Defendants.

45. At all material times, Dawson was responsible for overseeing the actions and omissions of LRC and those in its employ.

46. At all material times, Werth-Sweeney was responsible for the actions and omissions of those in the employ of LRC.

47. At all material times, Donovick and McMurry were responsible for the actions and omissions that resulted in Cecetka's denial of and/or failure to provide appropriate and

necessary medical treatment.

48. At all material times Scherling, Darrow, Jennings, Nedley, Roberts, Browning, and Sanaf were members of Cecetka's treatment team, and were responsible for responding to team requests submitted by Cecetka. They denied and/or failed to provide appropriate and necessary medical treatment.

49. At all material times, Koenig, Schwartz, and Connolly were responsible for Cecetka's medical care at LRC, for the provision of such care, providing referrals to specialists not located on the LRC campus, and responding to medical care requests. They denied and/or failed to provide appropriate and necessary medical treatment.

50. At all material times, all Defendants were deliberately indifferent to Cecetka's firmly secured rights as a patient while in the care and custody of LRC.

51. At all material times, LRC did not have a policy, procedure, or practice to ensure individuals at LRC received appropriate and necessary medical treatment.

52. At all material times, LRC did not have a policy in place to provide individuals with disabilities at LRC reasonable accommodations to ensure they received appropriate and necessary medical treatment.

53. At all material times, LRC did not have a policy to ensure individuals with disabilities received appropriate and necessary medical treatment in the most integrated setting appropriate to their needs.

54. Receipt of healthcare while in state custody is a clearly established right.

## FIRST CAUSE OF ACTION
## 42 U.S.C. § 1983

55. Plaintiff restates and incorporates by reference paragraphs 1 through 54, above.

56. Defendants, while acting under color of state law, through policies and procedures

of the Lincoln Regional Center, acted with a deliberate indifference to the healthcare needs of Plaintiff and deprived her clearly established right to medical care in contravention of the Fourteenth Amendment of the United States Constitution.

57. Plaintiff's Fourteenth Amendment due process rights were denied by the actions and omissions of Defendants when Plaintiff was denied medical care for her serious medical needs.

58. Defendants were aware of Plaintiff's serious medical need to receive a mammogram and aware of the serious medical needs following her diagnosis of cancer.

## SECOND CAUSE OF ACTION
## TITLE II OF THE AMERICANS WITH DISABILITIES ACT

59. Plaintiff restates and incorporates by reference each of the allegations in paragraphs 1 through 58, above.

60. Plaintiff has mental health diagnoses, cancer, and disabilities related to her cancer treatment. Plaintiff is substantially limited in the major life activities of caring for oneself, making medical decisions, thinking, and communicating. She is further substantially limited in the major bodily functions of the immune system and normal cell growth.

61. Accordingly, she is considered an individual with a disability as defined under the ADA, 42 U.S.C. § 12102(2)(A).

62. LRC is a government entity as defined under Title II of the Americans with Disabilities Act, 42 U.S.C. § 12131, *et. seq.*

63. LRC has discriminated and continues to discriminate against Plaintiff on the basis of her disability, in violation of Title II of the ADA by depriving her of reasonable accommodations and/or modifications of policies to receive healthcare, and by depriving her of healthcare in the most integrated setting appropriate to her needs.

## THIRD CAUSE OF ACTION
## SECTION 504 OF THE REHABILITATION ACT OF 1973

64. Plaintiff restates and incorporates by reference each of the allegations in paragraphs 1 through 63, above.

65. Plaintiff has mental health diagnoses, cancer, and disabilities related to her cancer treatment. Plaintiff is substantially limited in the major life activities of caring for oneself, making medical decisions, thinking, and communicating. She is further substantially limited in the major bodily functions of the immune system and normal cell growth.

66. Accordingly, she is considered an individual with a disability as defined under Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794(20)(B).

67. During all relevant times, LRC is a recipient of federal financial assistance within the meaning of 29 U.S.C. § 794(b)(A)(1).

68. LRC has discriminated and continues to discriminate against Plaintiff on the basis of her disability, in violation of the Rehabilitation Act of 1973, by failing to provide reasonable accommodations to receive healthcare and by depriving her of healthcare in the most integrated setting appropriate to her needs.

## REQUEST FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests this Court to provide the following relief:

A. Issue a declaratory judgment that Defendants' policies and practices subjected Plaintiff to discrimination in violation of Title II of the Americans with Disabilities Act and Section 504 of the Rehabilitation Act;

B. Issue a declaratory judgment that Defendants' policies and practices violated Plaintiff's rights under the Fourteenth Amendment to the United States Constitution;

C. Issue an injunction ordering Defendants to provide for appropriate and necessary

10

healthcare that allows Plaintiff to enjoy equal access to the healthcare services provided by Defendants, and to promulgate policies to ensure the provision of healthcare services to individuals with disabilities who are patients at LRC;

  D. General damages for past, present, and future pain, suffering, mental anguish and distress, humiliation, and the loss of her enjoyment of life;

  E. Punitive damages for the malicious, oppressive, or reckless disregard of Plaintiff's rights;

  F. Reasonable attorney's fees, costs, and expenses pursuant to 42 U.S.C. § 1988, 29 U.S.C. 794a(b), and 42 U.S.C.12205;

  G. For pre-judgment and post-judgment interest at the highest rate allowed by law; and

  H. Award any and all other relief that this Court finds necessary and appropriate.

## JURY DEMAND

Plaintiff requests a jury trial of this matter and requests that Lincoln, Nebraska be the place of trial.

Dated this 15th day of November, 2016.

              Ruth Cecetka, Plaintiff

           By: s/ Brian D. Craig, #25226
           of Disability Rights Nebraska
             134 S. 13th Street, Suite 600
             Lincoln, NE 68508
             Tel: (402) 474-3183
             Fax: (402) 474-3274
             Brian@drne.org

Dianne D. DeLair, #21867
Senior Staff Attorney
Disability Rights Nebraska
134 South 13th Street, Suite 600
Lincoln, NE 68508
(402) 474-3183
Dianne@drne.org

Kathleen M. Neary, #20212
Attorney at Law
Vincent M. Powers & Associates
411 South 13th Street, Suite 300
Lincoln, NE 68508
402-474-8000
402-474-5006 fax
Kathleen@vpowerslaw.com

Elizabeth A. Govaerts, #20315
Attorney at Law
Vincent M. Powers & Associates
411 South 13th Street, Suite 300
Lincoln, NE 68508
402-474-8000
402-474-5006 fax
Elizabeth@vpowerslaw.com