IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| RUTH CECETKA, an individual;<br><br>Plaintiff,<br><br>vs.<br><br>LINCOLN REGIONAL CENTER, A State Psychiatric Hospital et al;<br><br>Defendants. | 4:16CV3140<br><br>ORDER |

Defendant Lincoln Regional Center ("LRC") has moved to quash (Filing No. 61) a Fed. R. Civ. P. 30(b)(6) Notice of Deposition and Request for Production of Documents directed at designated "officers, directors, managing agents, or other persons" at LRC authorized to testify on and produce documents regarding 30 delineated subjects. (Filing No. 50). LRC argues that the deponents and documents requested in the Notice are irrelevant and would be unduly burdensome to produce. (Filing No. 62). For the following reasons, the motion will be denied.

ANALYSIS

The Federal Rules of Civil Procedure generally allow for discovery of "any unprivileged matter that is relevant to a party's claim or defense." Gov't of Ghana v. ProEnergy Servs., LLC, 677 F.3d 340, 344 (8th Cir. 2012) (citing Fed. R. Civ. P. 26(b)(1)). Relevancy, for the purposes of discovery, encompasses "any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case." Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978).

However, the party seeking the discovery "must make '[s]ome threshold showing of relevance . . . before parties are required to open wide the doors of discovery and to produce a variety of information which does not reasonably bear upon the issues in the

case.'" Prism Techs., LLC v. Adobe Sys., Inc., 284 F.R.D. 448, 449 (D. Neb. 2012) (quoting Hofer v. Mack Trucks, Inc., 981 F.2d 377, 380 (8th Cir.1992)). "[D]iscovery is not permitted where no need is shown, or compliance would be unduly burdensome, or where harm to the person from whom discovery is sought outweighs the need of the person seeking discovery of the information." Miscellaneous Docket Matter No. 1 v. Miscellaneous Docket Matter No. 2, 197 F.3d 922, 925 (8th Cir. 1999) (internal citation omitted).

LRC primarily argues that the Notice seeks irrelevant information and should be quashed on that basis, premising its relevancy argument on the alleged mootness of the claims against it following Plaintiff's release from LRC custody. (Filing No. 62 at CM/ECF p. 2).

LRC has moved to dismiss claims against it as moot, (Filing No. 57). The court notes, however, that LRC has taken conflicting positions in its briefing as to whether <u>some</u> or <u>all</u> or the Plaintiff's claims against LRC are moot following her release. For example, LRC's Brief in Support of the Motion to Quash indicates that it has "moved for dismissal of <u>all</u> claims against it." (Filing No. 62 at CM/ECF p. 2) (emphasis added). LRC seems to reiterate this position in its Reply Brief in Support of the Motion to Quash, arguing that "LRC should now be dismissed from this action because the claims against LRC are now moot." (Filing No. 84 at CM/ECF p. 2). But, in its Reply Brief in Support of the Motion to Dismiss, LRC notes that a claim for "General Damages" under "Title II of the ADA" should be "allowed to proceed" against LRC, noting that such a claim would be the subject of a planned motion for summary judgment. (Filing No. 83 at CM/ECF p. 2).

First, the undersigned notes that the pending motion to dismiss has not been resolved, meaning LRC remains an active party to this proceeding at present. And it's unclear, based on its own briefing, whether LRC's motion is even targeted at dismissing all claims against it. Yet, even assuming that LRC's motion successfully achieves its full dismissal from this action, LRC has not proffered any argument as to why that would

render the proposed depositions and document production requests irrelevant. LRC here conflates mootness of the claims against it with the relevancy of the information it possesses. The two are not synonymous. Status as a nonparty—or former party—does not itself speak to a person or an entity's access to discoverable information, as LRC seems to argue.[1] See Fed. R. Civ. P. 45.

Moreover, regardless of the outcome of LRC's motion to dismiss, damages claims against the individual capacity defendants will survive. (Filing No. 84 at CM/ECF p. 2) (stating LRC's argument that "the named individual Defendants…will remain Defendants in this action no matter the outcome of the LRC motion to dismiss"). Neither in its support brief nor in its reply does LRC indicate why its dismissal would render the requested discovery information irrelevant to these remaining claims—many of which are leveled against LRC's individually-named current or former employees. Thus, the court is not persuaded that discovery sought is irrelevant and will not quash the Notice on that basis.

LRC further argues that production of deponents and documents as requested in the Notice presents an undue burden to LRC. The party resisting discovery may quash a notice or subpoena seeking information—even information that is demonstrably relevant—if that party establishes that production would constitute an undue burden or hardship. But, "[t]he fact that production of documents would be burdensome and expensive and would hamper a party's business operation is not a reason for refusing to order production of relevant documents." Wagner v. Dryvit Systems, Inc., 208 F.R.D. 606, 610 (D. Neb. 2001) (internal citation omitted). The standard is whether the burden or expense is "undue" and whether the "hardship is unreasonable in the light of the benefits to be secured from the discovery." Id. A party claiming requests are unduly

---

[1] A Rule 30(b)(6) Notice is not an effective means of demanding discovery from a nonparty. Thus, under the federal rules, Plaintiff would be required to request discovery through use of a subpoena, in compliance with Fed. R. Civ. P. 45, should LRC be dismissed prior to compliance with the Notice. However, LRC remains a party to this action, and notice under Rule 30(b)(6) remains the correct vehicle for requesting deponents and documents from LRC.

burdensome cannot make conclusory allegations, and must provide some evidence regarding the time or expense required. Doe v. Nebraska, 788 F. Supp. 2d 975, 981 (D. Neb. 2011) (internal citation omitted). LRC has not provided any evidence regarding time or expense necessary for production of the requested documents or the preparation or presentation of a 30(b)(6) deponent able to testify.

The lynchpin of LRC's argument is that the discovery sought in the Notice should be obtained by other, less burdensome means. (Filing No. 62 at CM/ECF p. 3). LRC makes two arguments in support of that contention. First, LRC argues that the defendants named in their individual capacities should be deposed and make productions without the need for LRC to produce additional documents or deponents. (Id). However, LRC does not argue why obtaining information from individual defendants would be more convenient or less expensive than obtaining information from LRC. They likewise make no argument as to whether the information would be duplicative if both LRC and the individuals were deposed. While LRC argues that previous document productions should be sufficient without the need for production in response to the Notice, (id), LRC does not note whether previous production requests encompass all categories of documents and deposition topics requested in the Notice.

In sum, the court is not persuaded that the 30(b)(6) Notice requests irrelevant information nor that production of the requested deponents and documents would constitute an undue burden or hardship. Accordingly,

IT IS ORDERED that LRC's Motion to Quash (Filing No. 61) is denied.

Dated this 4th day of April, 2018.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge