# IN THE UNITED STATES DISTRICT COURT FOR THE
# DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| RUTH CECETKA, an individual, | ) | Case No. 4:16-cv-3140 |
| Plaintiff, | ) | |
| v. | ) | **STIPULATED PROTECTIVE ORDER** |
| LINCOLN REGIONAL CENTER, et al. | ) | |
| Defendants. | ) | |

Upon the stipulation of the parties, (Filing 112), and the Court's acceptance of the same,

**IT IS HEREBY ORDERED** that a Protective Order is granted and entered as follows:

**1.  Nondisclosure of Confidential Documents**

(a)  "Document" means, without limiting its generality, any physical thing containing information or any written, recorded, graphic or other matter, whether produced, printed, reproduced, or stored on paper, cards, tapes, disks, belts, charges, film, computer storage devices, automated dialing systems, or any other medium, including but not limited to all documents necessary to the comprehension or understandings of any designated document, such as an automated dialing system user manual, and includes, but is not limited to, originals, drafts, redrafts, and each separate copy of each document.

(b)  Except with prior written consent of the party designating a document to be protected from disclosure, no document designated as CONFIDENTIAL may be disclosed to any person or entity other than those listed in Paragraph 4.  A party who produces material may designate it as CONFIDENTIAL if the party in good faith believes it contains proprietary information, privileged information, and non-public financial or business information.  A document designated as CONFIDENTIAL means any document which bears the legend "CONFIDENTIAL".

## 2. Medical Records Treated as Confidential Documents

(a) The Court specifically authorizes the parties to disclose patient medical records, including protected health information, to the extent the parties are obligated to do so pursuant to the Federal Rules of Civil Procedure and Orders of this Court. Such medical records shall be designated as CONFIDENTIAL and treated as such, even if they do not bear the legend "CONFIDENTIAL", and shall only be disclosed to persons or entities set forth in Paragraph 4.

(b) The authorization for disclosure of medical records, including protected health information, as defined in 45 C.F.R. § 106.103, is for the express purpose of legal proceedings in this matter, including any testimony. In compliance with the HIPAA regulations, 45 C.F.R. § 164.512(e)(1)(v), the parties and their counsel of record are prohibited from using or disclosing the medical records, including protected health information, for any purpose other than the above-captioned proceeding and must destroy or return the medical records and any documents or other materials containing protected health information, including any copies thereof, to the producing party within thirty (30) days from the conclusion of this proceeding, inclusive of appellate action.

(c) Medical records and any other documents containing protected health information may be disclosed to persons or entities listed in Paragraph 4 for the purposes of this litigation.

## 3. No Limitation on Right of Parties to Raise Objections or File Motions regarding Confidential Documents

(a) This Stipulated Protective Order shall be without prejudice to the right of any party to: bring before the Court at any time the question of whether any information or documents are confidential; object to the production of any information or documents it reasonably considers not subject to discovery or object to their use at trial; and/or apply to or move the Court for an order compelling production of information or documents or modifying this Stipulated Protective Order.

## 4. Permissible Disclosures of Stamped Confidential Documents

Documents designated as CONFIDENTIAL, including medical records and other documents containing protected health information, may be disclosed to:

(a) the parties and their legal counsel in these proceedings;

(b) partners, associates, secretaries, paralegal assistants, and employees of such counsel to the extent reasonably necessary to render professional services in the litigation;

(c) persons with prior knowledge of the documents designated as CONFIDENTIAL and confidential information contained therein;

(d) experts who will be providing professional opinions based upon a review of the CONFDIETNIAL information;

(e) court officials involved in this litigation, including court reporters; and

(f) any person designated by the Court in the interest of justice, upon such terms as the Court may deem proper.

5. **Securing Confidential Documents and Information**

Counsel for the parties must keep all documents designated as CONFIDENTIAL which are received under this Stipulated Protective Order in a secure area in accordance with applicable privacy laws and regulations. Prior to receiving any CONFIDENTIAL information, any person identified in Paragraph 4(d) or 4(f) shall be provided with a copy of this Stipulated Protective Order and agree to be bound by its terms, and shall certify such agreement by signing a document of the form set forth as Exhibit "A" to this Stipulated Protective Order. Such persons provided CONFIDENTIAL information shall not duplicate or make copies and shall return all CONFIDENTIAL information to Counsel upon termination of this litigation. Counsel making disclosure to any person described herein shall retain the original executed copy of Exhibit "A" until final resolution of this litigation.

6. **Confidential Documents and Information in Depositions**

(a) A deponent may during a deposition be shown and examined about documents designated as CONFIDENTIAL or confidential information contained therein only if the deponent is one of the persons or entities designated in Paragraph 4. Deponents shall not retain or copy portions of the transcript of their depositions that contain confidential information not provided by them or the entities they represent. A deponent who is not a party or a representative of a party shall be furnished a copy of this order before being examined or asked to produce documents potentially subject to this Order.

(b) Parties (and deponents) may, within thirty (30) days after receiving a deposition transcript, designate pages of the transcript (and exhibits thereto) as CONFIDENTIAL by underlining the portions of the pages that are confidential and marking such pages with the following legend: CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER. Until the expiration of the thirty (30) day period, the entire deposition will be treated as CONFIDENTIAL pursuant to this Order. If no party or deponent timely designates information or testimony in a deposition as CONFIDENTIAL, then none of the transcript or its exhibits will be treated as material protected by this Order.

7. **Filing**

If information or documents designated as CONFIDENTIAL are included in any pleading or other document to be filed with the Court, they shall be labeled CONFIDENTIAL and filed or otherwise submitted in accordance with the Court's rules and restricted from public access. Any medical records or documents containing protected health information labeled as CONFIDENTIAL which are received into evidence shall be maintained under seal or otherwise restricted from public access.

8. **Inadvertent Disclosure**

(a) If a party, through inadvertence, produces any information or documents without labeling or making or otherwise designating it as CONFIDENTIAL or in accordance with the provisions of this Order, the producing party may give written notice to the receiving party that the document or thing produced is deemed confidential and should be treated as such in accordance with the provision of this Order. The receiving party must treat such documents and things as confidential from the date such notice is received. Disclosure, prior to the receipt of such notice, to persons not authorized to receive confidential information shall not be deemed a violation of this Order.

(b) If a party, through inadvertence, produces any document or information that it believes is immune from discovery pursuant to an attorney/client privilege or the work product privilege, such production shall not be deemed a waiver of any privilege, and the producing party may give written notice to the receiving party that the document or information produced is deemed privileged and that return of the document or

information is requested. Upon receipt of such written notice, the receiving party shall immediately gather the original and all copies of the document or information of which the receiving party is aware and shall immediately return the original and all such copies to the producing party. The return of the document(s) and/or information to the producing party shall not preclude the receiving party from later moving to the Court and compel production of the returned documents and/or information.

9. **Use**

(a) Persons or entities obtaining access to documents designated as CONFIDENTIAL and confidential information contained therein under this Order shall use the information only for preparation and trial of this litigation (including appeals and retrial), and shall not use such information for any other purpose, including business, governmental, commercial, administrative, or judicial proceedings.

(b) If another court, administrative agency, tribunal, person, or entity subpoenas or orders production of information or documents designated as CONFIDENTIAL that a party has obtained pursuant to this Order, that party shall promptly notify the producing party of the subpoena or production order. Such notice must be provided in sufficient time to give the producing party, if possible, the opportunity to participate in quashing, modifying, or otherwise responding to any compulsory process in an appropriate and timely manner. Upon the filing by the producing party of a motion to quash or for protective order, the subpoenaed party shall withhold production of documents during the pendency of the motion, unless required by law (or court order) not to withhold production.

10. **Non-Termination**

The provisions of this Order shall survive the termination of this action and continue in full force and effect until further order of this Court. Within thirty (30) days after final conclusion of all aspects of this litigation, documents designated as CONFIDENTIAL, documents containing confidential information, and all copies of same, shall be returned upon written request to the party or person that produced such documents, or, at the option of the producer, destroyed.

**11. Modification**

Nothing in this Stipulation and Protective Order shall prevent any party or other person from seeking modification of this Stipulated Protective Order or from objecting to discovery that it believes to be otherwise improper.

**12. Matters of Public Record**

This Stipulated Protective Order shall not apply to any document or materials obtained by counsel which that counsel can demonstrate:

(a) were already a matter of public record before its receipt by discovery; or

(b) became a matter of public record after discovery without fault, negligence, or a violation of this Stipulated Protective Order.

**IT IS SO ORDERED.**

August 10, 2018.

BY THE COURT:

_____
Cheryl R. Zwart
United States Magistrate Judge

# EXHIBIT A
## NONDISCLOSURE AGREEMENT

The undersigned, _____, (print or type name of person) hereby acknowledges that he or she received a copy of the Stipulated Protective Order entered into the case entitled Ruth Cecetka v. Lincoln Regional Center, et al., Case No. 4:16-cv-3140, has read the Stipulated Protective Order, agrees to be bound by all the provisions thereof, and hereby submits to the jurisdiction of the United States District Court for the District of Nebraska for the purpose of enforcement of the terms of the Stipulated Protective Order and the punishment of violations thereof.

Dated:_____

_____
[Signature]

_____
_____
[Address]